**JIANG LI, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

No. 07–1004–ag.

United States Court of Appeals, Second Circuit.

Feb. 27, 2008.

Yee Ling Poon; Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Jeffrey J. Bernstein, Senior Litigation Counsel; Hannah Baublitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Jiang Li, a citizen of the People's Republic of China, petitions for review of a March 6, 2007 order of the BIA affirming the August 1, 2005 decision of Immigration Judge ("IJ") Helen Sichel, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Li,* No. A73 040 384 (B.I.A. Mar. 6, 2007), *aff'g* No. A73 040 384 (Immig. Ct. N.Y. City Aug. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Here, we conclude that substantial evidence supported the agency's adverse credibility determination. Li's presentation of false claims in a prior asylum application and his previous false statements to an asylum officer provided sufficient bases for the agency to conclude that his testimony in support of his current asylum claim was not credible. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (recognizing that "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence"). Although applicants should be encouraged to recant false statements and withdraw false applications, the agency is not required to overlook such falsities in making its ultimate determination. "[W]here an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence." *Id.*

Li contends that the IJ erroneously relied on the omission of any mention of Li's wife's forcible abortion in his earlier asylum application in negatively assessing his credibility, because forcible abortion was not an accepted ground for asylum at the time that application was made. *See Kim v. Gonzales,* 458 F.3d 40, 46–47 (2d Cir. 2006) ("We think it relevant [to the IJ's adverse credibility determination based on petitioner's earlier failure to mention wife's forced sterilization] ... that it was not until 1997 that the BIA recognized the forced sterilization of one's spouse as a valid ground for asylum."). Even if we were to agree with Li's argument, Li's petition would fail because we can confidently conclude that the agency would reach the same result on remand without regard to this omission. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401–

02 (2d Cir.2005) ("[W]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion."); *see also Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 161 (2d Cir.2006) ("When an IJ bases an adverse credibility finding on multiple grounds, we review the totality of the IJ's decision, instead of dissecting the IJ's opinion and reviewing each portion in isolation.").

Li further argues that the IJ erred in neglecting to consider whether his briefly noted fear of future persecution, in the form of forced sterilization, was sufficient to warrant relief from removal. Because Li did not raise this argument before the BIA, we conclude it has been waived and do not consider it here. *See Iouri v. Ashcroft,* 487 F.3d 76, 82 (2d Cir.2007).

As the only evidence of a likelihood that Li would be persecuted or tortured upon deportation to China depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (noting that withholding claim necessarily fails if based upon the same factual assertions found incredible in the context of the asylum claim); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (holding that, *where CAT claim did not turn upon petitioner's credibility,* agency may not deny CAT claim solely on the basis of an adverse credibility finding made in the asylum context).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).